GLANTON, ADMINISTRATOR, *vs.* WHITAKER *et al.*

COMPLAINT, FROM FLOYD. Prommissory Notes. Consideration. Parent and Child. Advancements. Evidence. (Before Judge Branham.)

Jackson, C. J.—1. Where a father employed counsel to defend a suit for his widowed daughter, growing out of her deceased husband's estate, and paid the expenses so incurred, this furnished an ample consideration for a note given by the daughter to him for the amount so expended. Code, §2740.

2. Where a daughter gave a note to her father and subsequently died, and suit was brought on the note against her legal representative, a plea which alleged that the note was given merely as evidence of an advancement, but did not allege that such stipulation was to be incorporated in the writing, and was left out by fraud or mistake, was demurrable. 52 Ga., 149.

3. The cases in which it has been held that parol evidence was admissible to show that a note given by a child to a parent was merely an evidence of an advancement arose where the child survived the parent and there was a contest over the distribution of the estate; and such cases do not apply where the parent survived the child and brought suit on the note; but in such cases the rule already stated would apply. 23 Ga., 521; 51 Id., 20; Cutliff *vs.* Boyd, (February term, 1884); 19 Md., 323, 330; Abbott Tr. Ev., 152, note 2; 2 Whart. Ev., 920, 923, 958; 2 Story Eq., Jur., 1099 et seq.

(a) The evidence is strong against the probability that the note in this case was designed to be an advancement, it being due twelve-

months after date, with interest, and there being a credit on it on the day on which it was made.

Judgment affirmed.

Dean & Ewing; Alexander & Wright, for plaintiff in error.

C. N. Featherston, for defendants.